UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NO. 25-CV-172-BWA-DPC

---

**RASHEED MCCLEBB,**
**Petitioner**
**v.**
**ORLEANS PARISH SHERIFF SUSAN HUTSON,**
**Respondent**

---

**PETITIONER'S REPLY TO RESPONSE TO PETITION FOR HABEAS CORPUS
RELIEF**

---

Caroline Gabriel, La. Bar # 38224
William Most, La. Bar #
Most & Associates, LLC
210 St. Charles Ave., Ste 2500 #9685
New Orleans, LA 70170
(985) 441-9355
Caroline.gabriel.ma@gmail.com
williammost@gmail.com

Madeleine Jennings, La. Bar # 38287
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
(504) 821-8101
(504) 821-5285 (fax)
Mjennings@opdla.org

**Introduction**

Mr. McClebb was denied his right to the full deliberations of his jury, and now faces a second trial for the same offense, due to the trial court's *sua sponte* declaration of a mistrial. At the time of that mistrial order, the district court concealed from the parties the factual basis for its ordering of a mistrial. Through its diligence, the defense later uncovered evidence that completely undermined the trial court's basis for declaring a mistrial. The defense then acted with diligence in bringing that evidence before the district court.

Under these unique circumstances, Mr. McClebb's defense counsel's failure to either object or request a stay contemporaneously is clearly excusable and not the result of trial strategy, given that the objectionable information was withheld from the defense. Therefore, an exception to the contemporaneous objection rule is warranted in order to review the fundamental error at the heart of Mr. McClebb's petition.

**A. Defense counsel's failure to either lodge a contemporaneous objection or request a stay cannot be construed as consent because she did not know—and was prevented from knowing—the basis for the trial court's mistrial declaration at the time of that ruling.**

Although Mr. McClebb's defense counsel did not object to the trial court's *sua sponte* declaration of a mistrial nor request a stay of that order at the time of that order, the trial court's gross departures from standard procedures prohibited him from discovering the basis for the mistrial and therefore prevented defense counsel's contemporaneous objection.

In its response, the State argues that Petitioner consented to the mistrial, therefore the manifest necessity standard does not apply. R. Doc. 19 at 10. While implied consent is recognized by the Fifth Circuit, it "is not a bright-line rule; it is a case-by-case determination." *United States v. Fisher*, 624 F.3d 713, 717 (5th Cir. 2010). In *Fisher*, the Court explained, "Our guiding standard

for these determinations is whether the objection gave the court the opportunity to consider and resolve the concern. 624 F.3d at 717 (citations omitted). Unlike the trial court in Mr. McClebb's trial, the trial court in *Fisher* gave defense counsel "the opportunity to make any suggestions or objections and place any argument on the record they wished" **before** actually declaring the mistrial. *See Fisher* 624 F.3d at 718. Likewise, *El-Mezain*, a case relied on by the State in its response, is easily distinguished from Mr. McClebb's case. Specifically, in reasoning that defense counsel impliedly consented to the mistrial, the *El-Mezain* Court explained:

> The jurors had deliberated for nineteen days… The district court polled the jury on the court's own motion, and three jurors indicated that they did not agree with the verdict. After being sent back to continue deliberating, the jury indicated that further deliberations would not be helpful… The district court agreed to poll the jurors again…The district judge indicated that he intended to declare a mistrial as to the defendants for whom no verdict had been reached... The district court declared a mistrial on all counts for the defendants for whom the jury was unable to return a valid verdict… Because there was no objection, and several defense counsel had already stated their agreement to the mistrial, the consent of all counsel was either express or implied by their silence.

*United States v. El-Mezain*, 664 F.3d 467, 559-60 (5th Cir. 2011). Mr. McClebb's trial court did not poll the jury, did not provide defense counsel with any specific reasons the jury was supposedly deadlocked, hid the content of the note the jury provided to the court, and did not provide defense counsel with the opportunity to make suggestions to solve the alleged problem before making his *sua sponte* ruling of a mistrial, unlike the facts of *El-Mezain*. *See id*. Defense counsel, therefore did not consent to the mistrial.[1]

---

[1] Additionally, defense counsel did not decline an opportunity to object. The State argues that "defense counsel was given the opportunity to put an objection on the record, and specifically declined to do so." R. Doc. 19 at 11. However, this "opportunity" was not related to the mistrial, it was related to a previous issue defense counsel attempted to raise related to the trial court's improper actions. As the State noted, Judge Willard called the jury up at one point during deliberations *sua sponte* to give a sentencing instruction. R. Doc. 19 at 2. Because it is not proper to *sua sponte* call

**B. Defense counsel's failure to either lodge a contemporaneous objection or request a stay must be excused because she did not know—and was prevented from knowing—the basis for the trial court's mistrial declaration at the time of that ruling.**

In federal habeas corpus proceedings, the U.S. Supreme Court has long permitted review of procedurally defaulted claims if the petitioner can demonstrate "cause for the [failure to raise a claim at trial] and some showing of actual prejudice resulting from the alleged constitutional violation." *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977).

Under the circumstances of this case, this Court is not required to apply the contemporaneous objection rule as a bar to review of the merits of Mr. McClebb's double jeopardy claim. *See State v. Berry*, 630 So.2d 1330, 1336 (La. App. 4 Cir. 1993) (citing *State v. Mart*, 419 So. 2d 1216, 1219 (La. 1982)); *see also Jones v. Butler*, 864 F.2d 348, 363 (5th Cir. 1988) (citing *Wainwright v. Sykes*, 433 U.S. 72, 74 (1977) ("cause and prejudice" standard) ("we now consider whether there was adequate cause for the petitioner's failure to comply with the contemporaneous-objection rule.") In particular, if Mr. McClebb demonstrates that his defense counsel's "failure to object was excusable and was not the result of trial strategy," the contemporaneous objection rule need not apply. *See Berry*, 630 So.2d at 1336.

**i.    Defense counsel had no reason to believe there was grounds to object.**

Here, defense counsel did not have any reason to object at the time of the mistrial ruling. At the time of the trial court's *sua sponte* mistrial declaration, the parties acted under the

---

the jury in during deliberations and advise them of the sentencing minimums which were not included in the jury instructions, Mr. McClebb sought to put an objection on the record. Defense counsel went into chambers to attempt to bring the judge out to put the objection on the record, which is the reason after declaring the mistrial the judge said, "Go ahead, Ms. Smith. You said you wanted something or you don't." *See* R. Doc. 19 at 3. The trial court's question had to do with Mr. McClebb's objection to the court's previous actions, not the declaration of the mistrial. This cannot be construed as consent.

misapprehension that the jury's fourth note indicated that the jurors were hopelessly deadlocked. Indeed, the parties had no reason to believe that the note conveyed an entirely different question about the jury's willingness to continue deliberating. *See* R. Doc. 1-1. Through the initial appeal, the parties agreed that "the trial court did not reveal to the attorneys the content of the final note" sent out by the jury. R. Doc. 18-3 at 132. The transcript of the jury deliberations demonstrates this fact: the trial court read verbatim the jury's first several notes and discussed a response to those notes with the parties. *See* R.Doc. 1-2 at 4, 6. However, the trial court never revealed the contents of the jury's final note to the parties. R. Doc. 1-2 at 8. Instead, the trial court dismissed the jurors, advised them that they could speak with the parties, and then quickly adjourned court for the day. R. Doc. 1-2 at 8-9.

Only after the defense conducted its own thorough investigation did it uncover the fact that the district court concealed the actual contents of the jury's final note. [2] The lack of objection was not a strategic choice by defense counsel. Instead, once defense counsel learned of the contents of the letter and the true intention of the jury to continue deliberations, defense counsel brought these issues to the trial court in the form of a Motion to Quash. *See* R. Doc. 1-3.

Under these circumstances, the defense counsel's failure to object contemporaneously to the mistrial declaration was eminently excusable, as she had cause not to object based on the trial court's withholding of the basis, or lack of basis, for his ruling. At the time of that ruling, it would have been wildly speculative and, frankly, discourteous to the trial court to presume without any

---

[2] Through diligent investigation, defense counsel learned about the circumstances surrounding the mistrial ruling. During one telephonic conversation with a juror, on July 24, 2024, the defense learned of the specific sequence of events that precipitated the mistrial declaration. R. Doc. 1, *Exhibit B*. Although defense counsel filed an anonymous affidavit of the juror, this was at the request of the juror to protect them from potential retaliation. This evidence is valid and defense counsel can work to provide this juror for a hearing if this Court so chooses to set one.

additional evidence that the mistrial ruling was not based in fact nor law. *See Engle v. Isaac*, 456 U.S. 107, 131, 102 S. Ct. 1558, 1573 (1982) ("We might hesitate to adopt a rule that would require trial counsel either to exercise extraordinary vision or to object to every aspect of the proceedings in the hope that some aspect might mask a latent constitutional claim.").

### ii.    Mr. McClebb was clearly prejudiced by the trial court's withholding of the jury's note and *sua sponte* ruling of a mistrial.

As explained above, because of the trial court withheld information related to the juror's note and lack of expression of being deadlocked, defense counsel had no reason to object to the trial court's order of a mistrial. However, the trial court's withholding prejudiced Mr. McClebb by preventing his counsel from having a reason to object; and it prejudiced him further when the trial court adjourned the trial without providing any opportunity for the parties to make suggestions related to the supposed "deadlock."

Most importantly, in electing trial by jury, Mr. McClebb had a vested and "valued right to have his trial completed by a particular tribunal." *Wade v. Hunter*, 336 U.S. 684, 689 (1949); *see also United States v. Jorn*, 400 U.S. 470, 486 (1971) ("the judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate."). By unilaterally ending that trial before the jury could deliberate to a verdict, the district court deprived Mr. McClebb of this "valued right." Compounding this error, the district court's mistrial declaration now requires Mr. McClebb to stand trial for the same charge again, in violation of his constitutional protections against double jeopardy. These two egregious errors not only prejudice Mr. McClebb severely—by depriving Mr. McClebb of the process to which he was entitled at his first trial, and by depriving him of the

verdict of his jury— but also, the trial court's errors undermine the reliability of the fact-finding process.

>   ### iii. Because defense counsel did not know the objectionable information withheld by the trial court, counsel's failure to object was not an attempt at gamesmanship.

In addition to promoting judicial efficiency, the contemporaneous objection rule seeks to prevent gamesmanship by a party from, "'sandbagging' the court--remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor." *Puckett v. United States, 556 U.S. 129, 129, 129 S. Ct. 1423, 1425 (2009)*.

To that end, when the failure to object was a matter of "trial strategy," the contemporaneous objection rule generally applies. *Berry*, 630 S0. 2d at 1336. On the other hand, where the failure to object was not the result of such gamesmanship and results in an error "so fundamental that it strikes at the very essence of the reliability of the fact-finding process," this Court need not apply the contemporaneous objection rule. *See id*.

The record before this Court demonstrates that defense counsel's failure to object was due solely to the trial court's concealment of the fact that the jury was not actually deadlocked. As discussed above, the defense could not have formulated a contemporaneous objection with a proper factual or legal basis at the time of the mistrial declaration because the trial court had misled the parties into believing that the jury's final note indicated that they were hung. Simply put, there is no way that the defense could have known that the trial court's *sua sponte* mistrial ruling lacked any basis in fact and law at the time a contemporaneous objection could have been lodged. Under these highly unusual circumstances, it would defy belief to imagine that the defense anticipated

this gross departure from proper proceedings and then made a strategic determination to "sit[] on" that error and "gambl[e]" on a different outcome. *See State v. Arvie*, 505 So.2d 44, 47 (La. 1987).

Under these circumstances, the contemporaneous objection rule should not bar review of the merits of Mr. McClebb's double jeopardy arguments. *See Berry*, 630 So. 2d at 1336 ("Lack of a contemporaneous objection will not always bar review where the error is so fundamental that it strikes at the very essence of the reliability of the fact-finding process."). Thus, because Mr. McClebb's counsel's failure to object to the trial court's mistrial ruling was clearly excused by circumstances outside her control, this Court should grant his petition for habeas relief.

<div style="margin-left:40%;">

Respectfully submitted,

_____*/s/Caroline Gabriel*_____
Caroline Gabriel, La. Bar # 38224
William Most, La. Bar # 36914
Most & Associates, LLC
210 St. Charles Ave., Ste 2500 #9685
New Orleans, LA 70170
(985) 441-9355
Caroline.gabriel.ma@gmail.com
williammost@gmail.com

Madeleine Jennings, La. Bar # 38287
Orleans Public Defenders
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119
(504) 821-8101
(504) 821-5285 (fax)
Mjennings@opdla.org

</div>